IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RONALD C. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-523C |
| ) | (Judge Sweeney) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS COUNT ONE OF THE AMENDED COMPLAINT, OR,
IN THE ALTERNATIVE, MOTION FOR JUDGMENT UPON THE
ADMINISTRATIVE RECORD, AND RESPONSE TO PLAINTIFF'S
CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully submits this reply in support of its motion to dismiss count one of the amended complaint, or, in the alternative, motion for judgment upon the AR, and this response to plaintiff's cross-motion for judgment upon the AR.[1]

I.   Mr. Cook's Arguments Regarding Count One Are Without Merit

   A.   Count One Is Moot

In our motion, we demonstrated that most of count one should be dismissed on mootness grounds pursuant to RCFC 12(b)(1) because the PDBR granted Mr. Cook retroactive relief contemplated by VASRD 4.129 based upon a 2008 change in the law. Def. Mot. 18-21. In response, Mr. Cook does not dispute that he retroactively obtained the relief contemplated by VASRD section 4.129 from the PDBR. *See* Pl. Resp. 33. Instead, Mr. Cook argues that count one is not moot because, when he was separated *in 2007*, he did not receive procedural rights and benefits under (1) a *2008* DoD memo that did not exist when he was separated, and (2) a *2011* class action settlement in which he did not participate. Pl. Resp. 33-38. However, the Army was

---

[1] Defined terms in our motion have the same meaning in this reply brief.

not required to provide Mr. Cook in 2007 with procedural rights first granted in 2008, and the 2011 class action settlement to which he was not a party has no effect on this Court's jurisdiction. Mr. Cook has failed to demonstrate that this Court possesses jurisdiction to adjudicate count one.

B.   Count One Should Be Dismissed For Failure To State A Claim

To the extent jurisdiction exists for any portions of count one, we demonstrated in our motion that those portions should be dismissed pursuant to RCFC 12(b)(6) for failure to state a viable claim for relief because, as a matter of law, VASRD section 4.129 did not apply to Mr. Cook when he separated in 2007. Def. Mot. 21-28; *Petri v. United States*, 104 Fed. Cl. 537, 552-553 & n.22, 556-58 (2012). Mr. Cook makes four arguments in response.

First, Mr. Cook argues, erroneously, that various statutory provisions in title 10 required the Army to apply the *temporary* six-month rating contemplated by VASRD section 4.129. Pl. Resp. 22-23, 32. None of these provisions are applicable because each provision addresses ratings for "*permanent*" disability conditions, not temporary ones. *See* 10 U.S.C. § 1201(b)(1), (3) (establishing eligibility criteria for retired pay, including that "the disability is of a *permanent* nature and stable" and "the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Department of Veterans Affairs at the time of the determination") (emphasis supplied); 10 U.S.C. § 1204(1), (4) (same, for service members on active duty 30 days or less); 10 U.S.C. § 1203(b)(3), (4) (establishing eligibility criteria for severance pay, including that "the disability is or may be of a *permanent* nature" and "the disability is less than 30 percent under the standard schedule of rating disabilities in use by the [VA] at the time of the determination") (emphasis supplied); 10 U.S.C. § 1206(4)-(5) (same, for service members on active duty 30 days or less); 10 U.S.C. § 1210(c) (TDRL provisions discussing eligibility criteria

for retired pay under 10 U.S.C. §§ 1201, 1204, including that the "disability is of a *permanent* nature and stable and is at least 30 percent under the standard schedule of rating disabilities in use by the [VA] at the time of the determination") (emphasis supplied). Because none of these statutory provisions required the Army to apply the *temporary* rating in VASRD section 4.129, and there is no dispute that the Army applied the *permanent* rating criteria in VASRD section 4.130 to Mr. Cook's PTSD condition, Mr. Cook's argument lacks merit. *See* Pl. Resp. 43-44.

Second, Mr. Cook cites to various cases that stand for the unremarkable proposition that the military must apply the VASRD ratings to *permanent* conditions. *See* Pl. Resp. 23-27, 32-33 (citing *Hordechuck v. United States*, 144 Ct. Cl. 492, 494-96 (1959) (resolving proper application of VASRD rating criteria for permanent rectum condition); *Andrews v. United States*, 163 Ct. Cl. 126, 131-33 (1963) (same, permanent arthritis condition); *Wolf v. United States*, 168 Ct. Cl. 24, 31–32 (1964) (same, permanent rectum condition); *Thompson v. United States*, 195 Ct. Cl. 468, 477 (1971) (same, permanent arthritis condition); *Rieth v. Unites States*, 462 F.2d 530, 537 (Ct. Cl. 1972) (same, permanent shoulder condition); *McHenry v. United States*, 367 F.3d 1370, 1378–70 (Fed. Cir. 2004) (same, permanent HIV condition)). None of these cases involved VASRD section 4.129, a temporary rating under the VASRD, or a PTSD condition.

Third, even though Mr. Cook concedes, as he must, that DODI 1332.39 authorizes the military not to apply convalescent ratings in the VASRD, he nonetheless makes an unpersuasive, hyper-technical argument that VASRD section 4.129 is not a convalescent rating because it does not use the word, "convalescent." *See* Pl. Resp. 27-29; *see also* DODI 1332.39 § 6.7, Def. App'x 189; Army Reg. 635-40, App'x § B-7, Def. App'x 108. Although VASRD section 4.129 does not use the word, "convalescent," and "convalescent" is not defined in DODI 1332.39, all of the military departments, with DoD oversight, reasonably have interpreted that term to

encompass the temporary rating in VASRD section 4.129.  *See Policy/Guidance Memorandum #7: The Department of Veterans Affairs Schedule for Rating Disabilities Ratings for Mental Disorders, Narcolepsy, and Sleep Apnea Syndrome* (Dep't of Army April 8, 2002), ¶ 4(a)(5), Def. App'x 261 (VASRD 4.129 "is essentially a convalescent rating and will not be used"); *Policy/Guidance Memorandum #7: The Department of Veterans Affairs Schedule for Rating Disabilities Ratings for Mental Disorders, Narcolepsy, and Sleep Apnea Syndrome* (Dep't of Army Feb 28, 2005), Encl. ¶ 1(e), Def. App'x 270 (same); *see also* DODI 1332.39 § 5.2.1, Def. App'x 185 (DoD personnel "shall [p]erform, on a periodic basis, such review as is necessary to determine uniform application by the Military Departments of the VASRD as modified by this Instruction"); *Memorandum on Requests for Correction of Military Records Relating to Disability Ratings for Post-Traumatic Stress Disorder* (Dep't of Defense July 17, 2009), at 2, Def. App'x 300 ("Historically, the practice of the Military Departments disability agencies was to complete the comprehensive section 4.130 mental health assessment prior to the member's separation, and therefore to dispense with section 4.129.").  DoD did not require military branches to follow VASRD section 4.129 until the 2008 change in policy, which took place after Mr. Cook separated from the Army in 2007.  *See Policy Memorandum on Implementing Disability-Related Provisions of the 2008 NDAA* (Dep't of Defense Oct. 14, 2008), at 2 and ¶ E7.2, Def. App'x 276, 295; *accord Petri*, 104 Fed. Cl. at 553 & n.22.

In making his argument, Mr. Cook also misreads section 4.2 of DODI 1332.39 by removing a portion of one sentence from its proper context.  Pl. Resp. 28, 33.  Section 4.2 provides:

> Chapter 61 of reference (b) establishes the Department of Veterans Affairs' (DVA) Veterans Administration Schedule for Rating Disabilities (VASRD) (reference (d)) as the standard for assigning percentage ratings.  The percentage ratings represent, as far as can

>practicably be determined, the average impairment in civilian occupational earning capacity resulting from certain diseases and injuries, and their residual conditions.  However, not all the general policy provisions in Sections 4.1 – 4.31 of the VASRD are applicable to the Military Departments.  Many of these policies were written primarily for DVA rating boards, and are intended to provide guidance under laws and policies applicable only to the DVA.  This Instruction replaces these sections of the VASRD.  The remainder of *the VASRD is applicable except those portions that* pertain to DVA determinations of Service connection, refer to internal DVA procedures or practices, or *are otherwise specifically identified in Enclosure 2 as being inapplicable*.

DODI 1332.39 § 4.2, Def. App'x 185 (emphasis supplied to show portion quoted by Mr. Cook).  Mr. Cook seizes upon the language, "the VASRD is applicable except those portions that . . . are specifically identified in Enclosure 2 as being inapplicable" to make the misleading argument "that Enclosure 2 does not even refer to VASRD 4.129."  Pl. Resp. 28-29.  Mr. Cook simply ignores that the quoted sentence begins with the qualifier, "the remainder of the VASRD." DODI 1332.39 § 4.2, Def. App'x 185.  This qualifier is critical because the preceding sentences address "Sections 4.1 – 4.31 of the VASRD" (including section 4.129), whereas, the sentence quoted by Mr. Cook addresses "the *remainder* of the VASRD," which is not at issue here.  *See id.* (emphasis supplied).  Accordingly, Mr. Cook fails to state a plausible claim for relief because his argument is premised upon a flawed reading of DODI 1332.39.[2]

Finally, Mr. Cook improperly relies upon various policy statements in the legislative history of the 2008 NDAA, which included 10 U.S.C. § 1216a.  Pl. Resp. 29-32.  Section 1216a provides:

>In making a determination of disability of a member of the armed forces for purposes of this chapter [10 U.S.C. §§ 1201 *et seq.*], the Secretary concerned – (A) shall, to the extent feasible, utilize the schedule for rating disabilities in use by the Department of Veterans Affairs . . . ; and (B) except as provided in paragraph (2),

---

[2] Likewise, Mr. Cook fails to make a meaningful distinction of *Petri* on the ground that *Petri* did not consider his flawed reading of DODI 1332.39.  *See* Pl. Resp. 32.

>may not deviate from the schedule or any such interpretation of the schedule.

10 U.S.C. § 1216a(a). Section 1216a did not exist when Mr. Cook separated from the Army in 2007, and "the Court . . . cannot disregard the explicit statutory provision stating that the NDAA applies prospectively." *Russell v. United States*, 106 Fed. Cl. 696, 700 (2012), *aff'd without op.*, 558 F. App'x 997 (Fed. Cir. 2014); *see also* Pub. L. 110-181 § 1611(a), 122 Stat. 433 (2008). Mr. Cook's reliance upon the legislative history that led to a prospective change in the law after his separation from the Army is misplaced.

C.   Mr. Cook Has Waived His Claim In Count One

In the alternative, the Court should grant judgment upon the AR with respect to count one because plaintiff, Ronald C. Cook, has waived the claim, and the Army's 2007 disability determination is supported by substantial evidence in any event.

We demonstrated in our motion that Mr. Cook knowingly and voluntarily signed official Army documents that waived formal review. Def. Mot. 30-33. In response, Mr. Cook ignores all of our evidence demonstrating the knowing and voluntary waiver of count one, and he attempts to rebut an argument that we never made regarding exhaustion of administrative remedies. Pl. Resp. 38-40. Specifically, Mr. Cook relies upon the futility exception to the exhaustion doctrine in international trade cases, which is not relevant here. *See id.* Mr. Cook did not merely fail to exhaust an administrative remedy in this case, he affirmatively agreed with the informal PEB's determination and expressly waived formal review of that determination, including any judicial review in this Court. *See* ARI-5, 6-7, 10. Furthermore, although Mr. Cook alleged in the amended complaint that his waiver was not knowing and voluntary, Am. Compl. ¶¶ 67-68, he does not respond to our demonstration that the administrative record establishes that his waiver was, in fact, knowing and voluntary. *See* Def. Mot. 30-33.

D.     The Army's 2007 Disability Determination Is Supported By Substantial Evidence

Likewise, Mr. Cook does not respond to our demonstration that the Army's 2007 disability determination was supported by substantial evidence and that count one should be dismissed for this additional reason.  *See* Def. Mot. 33-35.  Accordingly, the Court should dismiss count one pursuant to RCFC 52.1.

II.     Mr. Cook's Arguments Regarding Count Two Are Without Merit

In our motion, we demonstrated that substantial evidence supports the Army's determination and the PDBR minority's recommendation that Mr. Cook is entitled to a 10 percent disability rating for PTSD as of January 2008.  Def. Mot. 33-40.  In response, Mr. Cook makes several arguments about the standard of review and quibbles with the manner in which the Army and PDBR minority weighed the mixed record evidence in this case.

First, Mr. Cook incorrectly argues that the Army and PDBR did not apply a *de novo* standard of review, and, instead, "placed a thumb on the scale by giving significant weight to the PEB's assignment of a 10 percent rating in 2007."  Pl. Resp. 41-42.  As demonstrated in our motion, the Army and PDBR conducted a full and independent review of all the evidence in this case, including the evidence that was before the 2007 PEB, and ultimately concluded that the evidence before the 2007 PEB was more probative than after-the-fact evidence of post-separation worsening.  Def. Mot. 33-40.  The Army and PEB minority ultimately concluded, based upon this *de novo* review, "that 10 [percent] was a fair and equitable rating at the time of separation" in July 2008, and "that the PEB's rating of 10 [percent] would be the fairest adjudication of [Mr. Cook's] condition" as of January 2008.  ARII-11.

Second, Mr. Cook argues that he was entitled to the "benefit of the doubt," because there was no rating decision as of January 2008.  Pl. Resp. 42-43.  Mr. Cook misconstrues the "benefit

of the doubt" rule, which provides: "When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107; *accord* 38 C.F.R. §§ 3.102, 4.3; Army Reg. 635-40, App'x B-4, Def. App'x 107. The PDBR majority invoked the benefit of the doubt rule in recommending a 30 percent rating, ARII-9, but, after weighing the evidence, the PDBR minority did not find reasonable doubt between the possible 30 percent and 10 percent ratings and recommended a 10 percent rating. ARII-11. The substantial evidence standard of review does not permit the Court to re-weigh the evidence, even if reasonable minds could reach different conclusions based upon the same evidence. *See Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983).

Third, Mr. Cook argues that the Army and PDBR minority "entirely failed to consider" whether the 10 percent rating in VASRD section 4.130, which applies to an "occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by continuous medication," was appropriate in this case. Pl. Resp. 43-44. To the contrary, the Army and PDBR conducted "a comprehensive review" of this specific question, including a review of Mr. Cook's "case file . . . regarding diagnosis change, fitness determination, and rating of unfitting mental health diagnoses in accordance with" VASRD section 4.130. ARII-6.

Finally, Mr. Cook argues that the Army and PDBR minority incorrectly weighed the evidence in this case and allegedly ignored certain evidence cited by Mr. Cook. Pl. Resp. 44-49. As a threshold matter, the Army and PDBR were not required to discuss each individual piece of evidence in the record; so the proper question is whether the Army's decision is supported by substantial evidence. *E.g.*, *Rebosky v. United States*, 60 Fed. Cl. 305, 312 (2004). Furthermore,

the vast majority of the evidence relied upon by Mr. Cook is after-the-fact evidence of his condition, which post-dates the rating timeframe of January 2008. *See* Pl. Resp. 43-49 (citing ARII-41-44, 67, 70-73, 75-76, 89-91, 225-26, 335). The PDBR and the Army unanimously declined to afford probative weight to this after-the-fact evidence because it "was post-separation worsening and not indicative of" his condition in January 2008. ARII-8-9; *see also id.* at ARII-1, 3, 11. The PDBR and the Army reasonably declined to afford probative weight to the after-the-fact evidence, and the Court may not "reweigh" it. *See Heisig*, 719 F.2d at 1157. The rest of the evidence relied upon by Mr. Cook is from 2007, Pl. Resp. 43-49 (citing ARI-11, 15, 22, 26), and, as we demonstrated in our motion, the Army and PDBR weighed *all* of the evidence from 2007, not just the evidence cited by Mr. Cook, and reasonably concluded that substantial evidence warranted a 10 percent disability rating. Def. Mot. 33-40. The standard of review does not permit the Court to "reweigh" the 2007 evidence. *See Heisig*, 719 F.3d at 1157.

At most, Mr. Cook has a complaint that the Army should have provided more explanation for how it weighed specific pieces of evidence that Mr. Cook claims support a disability rating higher than 10 percent. Pl. Resp. 43-49. Although it may be argued in virtually every case that a board or agency could have said more in "a decision of less than ideal clarity," in this case, the Army's "'path may reasonably be discerned.'" *See AMS Assocs., Inc. v. United States*, 719 F.3d 1376, 1380 (Fed. Cir. 2013) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)); *Volk v. United States*, 111 Fed. Cl. 313, 333-34 (2013) (same). As demonstrated in our motion, the Army's decision memorandum is based upon the PDBR minority recommendation, which, in turn, is supported by substantial evidence. Def. Mot. 33-40. Although the evidence was mixed, substantial evidence supports the Army's determination of a

10 percent rating for Mr. Cook.  *See* Def. Mot. 33-40.  Accordingly, the Court should grant the United States judgment upon the AR with respect to count two.

## CONCLUSION

For these reasons, and for the reasons set forth in our motion, we respectfully request that the Court dismiss, or, in the alternative, grant the United States judgment upon the AR regarding, count one of the amended complaint.  We also respectfully request that the Court grant the United States judgment upon the AR regarding count two of the amended complaint.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

 s/Scott D. Austin
SCOTT D. AUSTIN
Assistant Director

 s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney

Of Counsel:

MAJOR NICOLE L. FISH
Litigation Attorney, Military Personnel Branch
United States Army Litigation Division
9275 Gunston Road, 3d Floor
Fort Belvoir, VA 22060-5546

Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 353-9303

December 18, 2014

Attorneys for Defendant United States